UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHLEEN RICE and ROGER RICE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:22-cv-00940 ) |
| LANDRY's LLC and NASHVILLE AQUARIUM, INC., | ) ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION**

This is a slip-and-fall case. Landry's LLC and Nashville Aquarium, Inc. have filed a Motion for Summary Judgment. (Doc. No. 22). Kathleen and Roger Rice have not responded in opposition, despite asking for and receiving an extension of time to do so. (See Doc. Nos. 25, 26). For the following reasons, Defendants' motion will be granted.

**I.      UNDISPUTED FACTS[1]**

Shortly after arriving at the Aquarium Restaurant ("Restaurant") with her daughter and friends (Doc. No. 23 ¶ 2), Kathleen Rice went to use the restroom alone. (Id. ¶ 5). After using the restroom, Rice went to the sink to wash her hands. (Id. ¶ 36). As she walked from the sink to the hand drier, she noticed water on the floor that she had not seen. (Id. ¶ 39). When she used the hand drier, she slipped and fell down to the floor. (Id. ¶ 37). Rice believes that two other customers may have been in the restroom when she fell. (Id. ¶ 34).

---

[1] The facts in this section are undisputed unless specifically noted otherwise and are drawn from Defendants' Statement of Undisputed Material Facts. (Doc. No. 23). Plaintiffs failed to respond, so the Court may consider Defendants' Statement of Undisputed Material Facts undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2); see also Local Rule 56.01(f).

Rice does not know who is responsible for the water. (Id. ¶ 30). Specifically, she cannot say whether a Restaurant employee or customer was responsible for the water. (Id.). Neither does she know how long the water had been on the floor. (Id. ¶ 22). She has no reason to believe that a Restaurant employee knew about the water. (Id. ¶¶ 26, 27, 28).

The Restaurant's General Manager, Ramona Shaw, likewise is unaware of who is responsible for the water being on the floor or how long it had been there. (Id. ¶¶ 24, 25, 29). Shaw states that the opening manager is responsible for cleaning the restrooms, including the floors, every morning. (Id. ¶ 16). During the day, employees are responsible for cleaning and maintaining the restrooms throughout the day, every thirty minutes. (Id.).

## II.  LEGAL STANDARD

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case. Id. In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Where, as here, when there is a failure to respond to a moving party's statement of material facts, the Court may consider the facts undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). This Court's Local Rules provide the same. L.R. 56.01(f). However, even though the

2

Plaintiffs did not respond, the Court still may only "grant summary judgment if the motion and supporting materials"—including the undisputed facts—"show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(3). Stough v. Mayville Cmty. Sch., 138 F.3d 612, 614 (6th Cir. 1998)

### III.  ANALYSIS

Defendants argue that they are entitled to summary judgment on Plaintiffs' negligence and premises liability claims because Plaintiffs "failed to produce any evidence to support the claim that Defendants caused or had actual or constructive notice of the alleged dangerous condition prior to the Incident". Doc. No. 24 at 9–16. Having reviewed the record in the light most favorable to Plaintiffs, the Court agrees.

Negligence requires proof of each of the following essential elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause." Downs ex rel. Downs v. Bush, 263 S.W.3d 812, 819 (Tenn. 2008) (quoting West v. E. Tennessee Pioneer Oil Co., 172 S.W.3d 545, 550 (Tenn. 2005)). To succeed on a claim for premises liability, Plaintiffs must prove the elements of a negligence claim *and* that: (1) the condition was caused or created by the owner, operator, or his agent, or (2) if not, that the owner or operator had actual or constructive notice that the condition existed prior to the accident. Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004) (emphases added). There is no evidence in the record that Defendants were aware of or "caused or created" the allegedly unsafe conditions in the Restaurant. Rice offers no evidence that any employee was aware of the water and failed to remove it. And there is no evidence on who caused the water to be on the floor. See Ogle v. Winn-Dixie Greenville, Inc., 919 S.W.2d 45, 47 (1995) ("When there is a complete absence of proof as

to when and how the dangerous condition came about, it is improper to permit the jury to speculate on these vital elements.").

The factual record does not show "evidence from which the jury could conclude that the defendant had actual notice prior to the accident such that it had a reasonable opportunity to correct or warn against the condition before the accident occurred." Griffin v. Wal-Mart Stores E. LP, 30 F. Supp. 3d 717, 720 (E.D. Tenn. 2014) (citing City of Knoxville v. Ferguson, 241 S.W.2d 612, 615 (Tenn. Ct. App. 1951)). Neither does the factual record show that Defendants had notice of a dangerous or defective condition that existed for such a length of time or was the result of "a pattern of conduct" or "recurring incident" that, in the exercise of reasonable care, Defendants should have become aware of. Simmons v. Sears, Roebuck & Co., 713 S.W.2d 640, 641 (Tenn. 1986).

Instead, the undisputed record establishes that Rice does not know how long the water was on the floor or who is responsible for the water being on the floor. Rice simply does not know. Without more, the Court (and more importantly, the jury) can only speculate as to the length of time and who "in the exercise of reasonable care, should have become aware of the" water on the floor. Such speculation is not permitted. See Ogle, 919 S.W.2d 45, at 47; see also Martin v. Wal-Mart Stores. Inc., 159 Fed. App'x 626 (6th Cir. 2005) (applying Tennessee law and finding no constructive notice when there was no evidence as to how long the puddle had been on the floor or if any of defendant's employees observed the puddle). At best, the record only establishes that Rice's fall was an isolated incident. See Katz v. Sports Auth. of Metro. Gov't of Nashville & Davidson Cty., No. M2016-01874-COA-R3-CV, 2017 WL 3741346, at *5 (Tenn. Ct. App. Aug. 29, 2017) (finding no constructive notice in absence of evidence that the wet spills in the area where plaintiff fell regularly occurred).

4

Plaintiffs failed to produce any evidence to show that Defendants caused or had actual or constructive notice of the allegedly dangerous water prior to Rice's fall. Accordingly, their claims fail as a matter of law.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. No. 22) will be granted.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE